# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Jose A. Iraheta Hernandez,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>Backgroundchecks.com, LLC,<br><br>　　　　　Defendant. | Case No. 2:20-cv-01766-GMN-BNW<br><br>**ORDER** |

Presently before the court is Defendant's motion to stay discovery. ECF No. 26. Plaintiff opposed this motion at ECF No. 31, and Defendant replied at ECF No. 38.

**I.　　Background**

Plaintiff sued Defendant and alleged that Defendant violated the Fair Credit Reporting Act. *See* ECF No. 21. Generally, Plaintiff alleged the following: In February of 2020, Plaintiff requested a copy of his consumer report from Defendant. *Id.* at 3. Defendant responded to Plaintiff's request by mailing a letter and his consumer report to him in Nevada. *Id.* at 3-4. Defendant invited Plaintiff to respond if there were any inaccuracies in the report, which Plaintiff did. *Id.* at 3-6. Defendant was required to investigate the alleged inaccuracies in Plaintiff's report but failed to do so. *Id.* at 6. As a result, Defendant continued to report inaccurate information on Plaintiff's report. *Id.* at 7. This suit followed.

Defendant then moved to dismiss this case on the grounds that the Court lacks personal jurisdiction over it and that venue is improper in Nevada. *See* ECF No. 24. Defendant also moved, in the alternative, to transfer this case out of Nevada for the convenience of the parties. *Id.* And, pending a decision on this dispositive motion, Defendant moved to stay discovery. ECF No. 26.

**II.     Discussion**

Courts have broad discretionary power to control discovery. *See Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). When deciding whether to grant a stay of discovery, the Court is guided by the objectives of Fed. R. Civ. Pro. 1 that ensures a "just, speedy, and inexpensive determination of every action." *Kor Media Group, LLC v. Green*, 294 F.R.D. 579, 581 (D. Nev. 2013). Accordingly, considerations of judicial economy and preserving the parties' resources may warrant a stay in some cases. *U.S. for Use & Benefit of Newton v. Neumann Caribbean Int'l, Ltd.*, 750 F.2d 1422, 1426-27 (9th Cir. 1985).

The Federal Rules of Civil Procedure do not, however, provide for automatic or blanket stays of discovery just because a potentially dispositive motion is pending. *See Skellerup Indus. Ltd. v. City of L.A.*, 163 F.R.D. 598, 600-01 (C.D. Cal. 1995). In fact, a dispositive motion ordinarily does not warrant a stay of discovery. *See Twin City Fire Ins. v. Employers of Wausau*, 124 F.R.D. 652, 653 (D. Nev. 1989); *Turner Broadcasting System, Inc. v. Tracinda Corp.*, 175 F.R.D. 554, 556 (D. Nev. 1997). However, when a party moves for a stay because a dispositive motion is pending, the court may grant the stay when "(1) the pending motion is potentially dispositive; (2) the potentially dispositive motion can be decided without additional discovery; and (3) the Court has taken a 'preliminary peek' at the merits of the potentially dispositive motion and is convinced that the plaintiff will be unable to state a claim for relief." *Kor Media Group*, 294 F.R.D. at 581.

Here, Defendant requested a stay of discovery because it has a potentially dispositive motion pending. ECF No. 26. The Court reviewed the parties' briefs on the motion to stay discovery and took a preliminary peek at Defendant's motion to dismiss. Having conducted this preliminary peek, the Court is not convinced that Plaintiff will be unable to proceed with his claims in this Court. Rather, it appears possible (based on controlling Ninth Circuit caselaw) that this Court has personal jurisdiction over Defendant and that venue is proper here. The Court will not, however, provide an in-depth analysis of its evaluation of the motion to dismiss.

> The district judge will decide the dispositive motion and may have a different view of the merits of the underlying motion. Thus, this court's "preliminary peek" at the

merits of the underlying motion is not intended to prejudge its outcome. Rather, this court's role is to evaluate the propriety of an order staying or limiting discovery . . . .

*Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 603 (D. Nev. 2011). In the Court's broad discretion, it will order the parties to proceed with discovery because it is not convinced Defendant will succeed on its dispositive motion.

**IT IS THEREFORE ORDERED** that Defendant's motion to stay discovery (ECF No. 26) is DENIED.

**IT IS FURTHER ORDERED** that the parties are to meet and confer and file a proposed discovery plan and scheduling order by April 19, 2021.

DATED: April 6, 2021

BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE